## BAKER v. SPAUGH

(No. 1819; February 20, 1934; 29 Pac. (2d) 485)

For the appellant there was a brief and oral argument by *A. A. Spaugh,* pro se.

For the respondent there was a brief and the cause

was argued orally by *Joseph Garst,* of Douglas, Wyoming.

PER CURIAM.

This is an action brought by Clara A. Baker, as plaintiff, against the defendant A. A. Spaugh, on a promissory note of $2520.00, dated February 21, 1930, payable two years after date. Judgment was rendered for the plaintiff, and the defendant has appealed.

The defendant in his answer admitted the execution of the note, but claimed that it was without consideration. He also alleged, as a counter-claim, that plaintiff owed defendant the sum of $2000 and interest on a promissory note executed by the plaintiff to the defendant. Plaintiff, in her reply, denied the counterclaim. No evidence was introduced thereon. And inasmuch as we cannot go outside of the record,

we cannot give the counterclaim any consideration herein.

It is contended in the brief of appellant that the judgment is contrary to the evidence, and that the court should have found that the note in suit was without consideration.

Defendant and plaintiff are brother and sister. Plaintiff testified that a number of years ago, she and her husband were interested with the defendant in some live stock or other matters, and that the defendant owed plaintiff the sum of ten thousand dollars. In this the plaintiff was corroborated by Mrs. Harris. Defendant himself testified that he had made statements that he owed this sum. Plaintiff further testified that in payment of this indebtedness, the defendant transferred to her 968 shares in the Spaugh Land and Live Stock Company. There is testimony of an additional 100 shares in that company having been transferred to the plaintiff, but the situation in that regard is not clear in the record, nor is it material here. Defendant denied that he at any time owed plaintiff $10,000 or any other sum, and contended and testified that these shares of stock were transferred to the plaintiff merely for the purpose of "securing credit;" that the Spaugh Land and Live Stock Company, which he controlled, needed some money; that under the banking laws it could not borrow over five or ten thousand dollars, and that he wanted twenty thousand dollars; that he wanted to use the plaintiff's name in connection with getting an additional amount, which he could do by her giving her note and putting up the shares of stock above mentioned as collateral. Whether credence should be given to plaintiff or defendant on the matters set forth or on other things testified to, but not necessary to be mentioned herein, was a matter for the trial court, and not for us. The transfer of the shares of

stock to the plaintiff is not disputed, although it is not clear as to how long they were in the plaintiff's hands. In any event, on November 16th, 1929, the defendant took an option from the plaintiff to buy from her 968 shares of the stock aforesaid for the sum of $2.50 per share, and that he exercised it, by giving the plaintiff the note in suit. On December 20, 1930, he wrote to plaintiff a letter, which states among other things as follows:

"Dear Sister Clara. You will remember that on February 21, 1929 (should be 1930) I bought from you 968 shares of stock in the Spaugh Land and Live Stock Company at $2.50 per share, which would come to $2418.00. By mistake I gave you a note for $2520—$102 too much. Later on when we discovered the error, it was agreed between you and I that the $102 should go to pay the first six months' interest at 8 per cent, on the correct amount of $2418.00. I am enclosing you herewith a check for $96.72, the amount of interest due you on February 21, 1931."

Among other things he testified:

"Q. You have made a number of statements to a number of people including relatives that you owed Mrs. Baker $10,000? A. Yes. Q. Who have you made that statement to? A. I can't remember. Q. And when did you make those statements? A. I can't remember that. Q. Now you denied you owed it? A. I do owe it. I am going to pay it when I can, not when she demands it. * * * Q. You took this option from Mrs. Baker? A. Yes. Q. You paid $15.00 in cash for it? A. Yes. Q. You paid the interest on the note to the extent that letter indicates, did you not? A. Yes, Q. And you paid the interest when it became due, didn't you? A. Sometimes past-due, yes. Q. And now you say you don't owe the note? A. I don't say anything of the kind."

504

The case is one of the most peculiar cases that ever came before this court. The defendant on the one hand claims that the note which he gave to plaintiff was without consideration. But even if the stock that was given to the plaintiff was without consideration, it does not necessarily follow that the note, too, was without consideration. On the other hand the defendant admits that he owes the debt and wants to pay it, but only at his pleasure. The note, however, fixed the time. We cannot understand why the case has been appealed. It is too clear to need further comment that there was more than ample evidence to sustain the judgment of the trial court, and it must, accordingly, be affirmed. In fact, we cannot certify, as the statute requires, that there were just grounds for the appeal herein, and we are, accordingly, compelled under the statute to assess a penalty against the defendant for taking it. But under the circumstances of this case, we shall fix it at the small sum of $25.00.

It is so ordered.

*Affirmed.*